IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | OPINION AND ORDER |
| Plaintiff, | |
| | 08-cr-164-bbc |
| v. | 14-cv-430-bbc |
| TREVOR K. RYAN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Trevor K. Ryan has filed a motion for post conviction relief under 28 U.S.C. § 2255, alleging that his conviction was based on an illegal search that violated his rights under the Fourth Amendment and that he was denied the effective assistance of counsel at the time of his arrest and in the proceedings in this court. Defendant was convicted on March 12, 2009 on a charge of possessing marijuana with the intent to distribute it, 21 U.S.C. § 841(a)(1) and sentenced to a term of imprisonment of 65 months. He filed an appeal that was dismissed by the Court of Appeals for the Seventh Circuit as untimely. Dkt. #63, 08-cr-164-bbc. He then filed a motion for post conviction relief, dkt. #1, 10-cv-295-bbc, that was denied by this court as untimely. The court of appeals reversed this court's denial of the motion and remanded the case for additional factfinding. Ryan v. United States, 657 F.3d 604 (7th Cir. 2011).

On remand, the parties stipulated to the entry of an order finding that defendant's motion for post conviction relief under § 2255 had been timely filed under § 2255(f) and

allowing the court to vacate the original judgment of conviction and reimpose it to permit defendant to take a direct appeal of his conviction and sentence. Dkt. #64, 08-cr-164-bbc. Defendant took an appeal, contesting only this court's determination of his relevant conduct. The appeal was denied on July 8, 2013. Dkt. #71-1, 08-cr-164-bbc. His § 2255 motion is timely; it was filed well within the one year after his conviction (on his renewed sentence) became final.

Defendant may proceed on his claim that his trial counsel was ineffective but he cannot go forward on his Fourth Amendment claims because he could have raised these claims in his direct appeal. Having forgone that opportunity, he cannot bring them in a post conviction motion unless he can show both cause and prejudice for not having raised them earlier. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989)). "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Id. (emphasis in original) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).

By contrast, defendant's claims of ineffective assistance of counsel may go forward. In fact, these claims are best developed in a post conviction motion because their resolution almost always requires consideration of facts that are outside the trial record. I will direct the government to respond to these claims.

ORDER

IT IS ORDERED that the United States may have until July 8, 2014 in which to respond to defendant Trevor K. Ryan's motion for post conviction relief, as to only his claims of ineffective assistance of counsel in connection with his 2009 conviction; defendant may have until July 31, 2014 in which to file a reply brief. If defendant thinks he can show that he has both good cause for failing to raise his Fourth Amendment claims on appeal and actual prejudice resulting from the failure, he may file a brief on the subject no later than July 8, 2014; the government may have until July 31, 2014 in which to respond.

Entered this 16th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge